851 F.2d 1501
 271 U.S.App.D.C. 274
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
M & M COMMUNICATIONS, INC., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION.
 No. 87-1496.
 United States Court of Appeals, District of Columbia Circuit.
 May 18, 1988.
 
 Before EDWARDS and WILLIAMS, Circuit Judges, and LOUIS F. OBERDORFER*, District Judge, United States District Court for the District of Columbia.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This petition was considered on review from the Federal Communications Commission and was briefed and argued by counsel for the parties. The court is satisfied, after reviewing the issues posed in light of the record, that disposition on appeal does not warrant a published opinion. See D.C.Cir. Rule 14(c). Petitioner M & M Communications challenges the FCC's dismissal of its applications in forty-two markets of the Multichannel Multipoint Distribution Service ("MMDS"). We uphold the dismissal for three reasons. First, the Commission properly determined that the applications were in violation of its one-to-a-market rule contained in 47 C.F.R. 21.901(d)(2) (1987). That rule forbids parties holding more than one percent of the stock of one MMDS applicant from holding a similar ownership interest in another MMDS applicant in the same geographic area. The Commission reasonably concluded that in each of the forty-two markets in which M & M applied it held an interest in another MMDS applicant in excess of one percent. Although the attribution rule used by the FCC to calculate this interest was not explicitly spelled out in the regulation, petitioner has offered no plausible alternative that would bring it below one percent. Second, M & M failed to establish that the FCC has a practice of permitting divestiture, as opposed to dismissal, as a sanction for violations of the one-to-a-market rule. Any such practice typically--perhaps always--would permit applicants to defeat the rule's primary purpose: ensuring that no applicant participating in a lottery for MMDS facilities receives more than one chance to obtain an MMDS license in a particular area. Third, we find that the Commission did not abuse its discretion in refusing to grant M & M a waiver of the rule. For these reasons, it is
 
 
 2
 ORDERED AND ADJUDGED by this court that the order of the FCC dismissing M & M's applications is affirmed. It is
 
 
 3
 FURTHER ORDERED by this court, sua sponte, that the clerk withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15 (August 1, 1987). This instruction to the clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. Sec. 292(a)